IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Vincent L. Fields, | ) | Case No. 5:20-cv-1101-JD |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden of Federal Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Petitioner brought this *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (DE 1.) On July 8, 2020, Respondent filed a Motion to Dismiss or in the Alternative for Summary Judgment (DE 24.) Because Petitioner is proceeding *pro se*, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion to Dismiss could result in the Motion being granted and this case being dismissed. (DE 25.) Petitioner filed his Response in Opposition on August 6, 2020. (DE 27.)

On December 21, 2021, the magistrate judge issued a Report and Recommendation, recommending that Respondent's Motion for Summary Judgment be granted and that the Petition for Writ of Habeas Corpus be dismissed. (DE 29.) For the reasons stated below, the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Court adopts the Report and Recommendation and grants Respondent's Motion for Summary Judgment.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On March 19, 2020, Petitioner, a federal prisoner, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, alleging his custody classification determined by the Bureau of Prisons ("BOP") is improper, which has increased his BOP-assigned security level and impacts where he may be housed. Respondents filed a Motion to Dismiss or in the Alternative for Summary Judgment on July 8, 2020, asserting that Respondent argues that Petitioner has not exhausted administrative remedies[3] and, even if he did, his Petition should be dismissed for Petitioner's requested relief concerning his custody classification is not cognizable under a § 2241 habeas corpus as the vehicle to address the issue he raises regarding his custody classification. Petitioner filed his Response in Opposition to Respondent's Motion to Dismiss on August 6, 2020. (DE 27.)

On December 21, 2020, the magistrate judge issued a Report and Recommendation, recommending that Defendant's Motion for Summary Judgment be granted and that the Petition for Writ of Habeas Corpus be dismissed. Petitioner filed objections to the Report and Recommendation alleging, *inter alia*, that his claims are not against the BOP but the "Designation Sentence and Computation Center" as an "extended office branch of the BOP. . .responsible for adding erroneous 'base scoring' points." (DE 38.) This matter is now ripe for review.

II.   **DISCUSSION**

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. However, the Court was able to glean the following specific objections which will be addressed *seriatim*.

First, Petitioner objects to the Report and Recommendation because his claims are not against the BOP but the "Designation Sentence and Computation Center" as an "extended office branch of the BOP. . . responsible for adding erroneous 'base scoring' points." (DE 38.) This Court finds that the BOP is the proper party. Based on the Petitioner's allegations, the Designation Sentence and Computation Center is an extension of the BOP; therefore, the BOP is the proper party.

Next, Petitioner objects to the Report and Recommendation because it asserts that "Mr. Guidry is an employee of F.C.I.-Bennettsville, SC, where in fact my former unit counselor (Mr. Guidry) works 3,000 miles away where I was housed when initially filing my grievances." (DE 38.) This Court finds that this is not a material fact to Petitioner's claims before the Court.

Lastly, Petitioner objects to the court's finding that he has "not presented a violation of a constitutional protected liberty interest." The Court adopts the Report and Recommendation acknowledging that although the Fourth Circuit Court of Appeals has not issued a published decision finding that habeas relief is inapplicable to conditions-of-confinement claims, the Court of Appeals has addressed the matter several times in unpublished opinions, most recently in Wilborn v. Mansukhani, 795 F. App'x 157, 163–64 (4th Cir. 2019) (unpublished per curiam opinion) (collecting cases). In Wilborn, the court found that the petitioner's "claim seeking to have the BOP reconsider where he is being housed is one that would not fall within the scope of habeas corpus." 795 F. App'x at 164 (citing Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017)).

Consequently, the Court grants Respondent's Motion for Summary Judgment and adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment is granted, and Petitioner's Petition for a Writ for Habeas Corpus is dismissed.

**IT IS SO ORDERED.**

_____
United States District Judge

February 23, 2021
Greenville, South Carolina